# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| SHELLY D. SMITH | § | |
| | § | Civil Action No. 4:17-CV-753 |
| v. | § | (Judge Mazzant/Judge Nowak) |
| | § | |
| SELECT PORTFOLIO SERVICING, INC., ET AL. | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On October 29, 2018, the report of the Magistrate Judge (Dkt. #54) was entered containing proposed findings of fact and recommendations that Defendants Select Portfolio Servicing, Inc. and Deutsche Bank National Trust Company, as Trustee, in Trust for the Registered Certificate Holders of First Franklin Mortgage Loan Trust Series 2006-FF7, Mortgage Pass-Through Certificates, Series 2006-FF7's (collectively "Defendants") Motion for Summary Judgment (Dkt. #34) be granted. Having received the report of the Magistrate Judge, having considered Plaintiff's Objections (Dkt. #58), Defendants' Response to Plaintiffs' Objection (Dkt. #60), Plaintiff's Reply (Dkt. #61), Defendant's Sur-Reply (Dkt. #63), and having conducted a de novo review, the Court is of the opinion that the Magistrate Judge's report should be adopted.

## RELEVANT BACKGROUND

The underlying facts of this case have been set forth previously; as such, the Court sets forth only those facts pertinent to Plaintiff's Objections.

On January 31, 2006, Plaintiff executed an Adjustable Rate Note ("Note") payable to NationPoint, for the purchase of real property: 1888 Sandstone Drive, Frisco, Texas 75034 (the "Property") (Dkts. #40-1 at pp. 10–13; #34-2). On that same date, Plaintiff also executed a Deed of Trust. Deutsche Bank was later assigned the Note; Select Portfolio Servicing, Inc. ("SPS") currently services the Loan (Dkts. #34-1; #34-4). On April 24, 2009, NationPoint confirmed receipt of a loan modification application from Plaintiff and cautioned Plaintiff that she was still obligated to make loan payments while the application was being considered (Dkt. #34-25). Plaintiff thereafter defaulted on her loan payments, and on May 4, 2009, Deutsche Bank sent Plaintiff a Notice of Default with Intent to Accelerate the Loan ("Notice of Default") (Dkt. #34-26). Plaintiff represents that after receiving the Notice of Default (but before any acceleration had occurred), in May 2009, she sought legal representation to assist her in obtaining a modification (Dkt. #34-27). Plaintiff next received a letter from Home Loan Services, dated June 5, 2009, the former servicer of the Loan, notifying Plaintiff that her loan was $10,654.24 delinquent. Plaintiff sent a letter disputing this amount on June 10, 2009 (Dkt. #40-1 at p. 42). Plaintiff did not, however, cure any default. As a result, on June 12, 2009, Deutsche Bank sent Plaintiff a Notice of Acceleration of Loan Maturity and a Notice of Foreclosure Sale ("June 2009 Notice of Acceleration"), wherein Deutsche Bank accelerated the unpaid balance of the Note (Dkts. #40-1 at pp. 43–44; #34-19). In the months following, Plaintiff represents the Property was posted for foreclosure sale multiple times, against which Plaintiff defended (Dkt. #40-1 at pp. 48–53).

On December 21, 2009, Deutsche Bank's foreclosure counsel sent Plaintiff a Notice of Rescission of Acceleration of Loan Maturity ("December 2009 Notice of Rescission"), notifying Plaintiff that it rescinded its Notice of Acceleration, thereby giving Plaintiff an opportunity to cure the default (Dkts. #40-1 at p. 54; #34-21). Over a year later, on January 11, 2011, Plaintiff retained

an independent paralegal, and in 2012, a second law firm to sue Defendants and their predecessors, incurring additional legal fees (Dkt. #40-1 at pp. 58, 70–72).[1] *See Shelly D. Smith v. Bank of America, N.A., et. al*., Case No. 4:12- cv-00724-RAS-DDB (E.D. Tex. 2012).

On June 1, 2016, Plaintiff filed the instant suit in state court, at least her third suit related to the Property, seeking to enjoin Defendants from conducting a foreclosure sale of the Property (Dkt. #1-4). On October 20, 2017, the case was removed to the Eastern District of Texas, Sherman Division (Dkt. #1). Plaintiff filed a further amended complaint, the live pleading, seeking a declaratory judgment that Defendants are unable to exercise their rights under the Deed of Trust and Note because such actions are time-barred (Dkt. #13 at p. 8). On June 29, 2018, Defendants moved for Summary Judgment (Dkt. #34). On October 29, 2018, the Magistrate Judge entered a Report and Recommendation, recommending that the Court grant Defendants' Motion for Summary Judgment and dismiss Plaintiff's claim(s) (Dkt. #54). On November 13, 2018, Plaintiffs filed Objections to the Report and Recommendation of the Magistrate Judge (Dkt. #58). On November 27, 2018, Defendant filed a Response to Plaintiff's Objections (Dkt. #60). On December 4, 2018, Plaintiff filed a Reply (Dkt. #61). On December 7, 2018, with leave of Court, Defendants filed a Sur-Reply (Dkt. #63).

**OBJECTIONS TO REPORT AND RECOMMENDATION**

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)-(3).

---

[1] Plaintiff's 2012 suit centered on the servicing and collection of Plaintiff's mortgage loan, attempted foreclosure, and sale of the Property; this action was dismissed with prejudice. *Shelly D. Smith v. Bank of America, N.A., et. al*., Case No. 4:12- cv-00724-RAS-DDB (E.D. Tex. 2012). An earlier suit involving Plaintiff and the pertinent parties was voluntarily dismissed by Plaintiff. *Shelly D. Smith v. Bank of America, N.A., et al.*, Case No. 4:12-cv-00212-RAS-DDB (E.D. Tex. 2012).

The dispute between the Parties is best summarized as follows: both Parties agree that the Loan was accelerated in June 2009 and that absent abatement or abandonment, limitations ran on June 12, 2013. Defendants argue acceleration was abandoned in December 2009. Plaintiff contends acceleration was never rescinded or abandoned because Plaintiff detrimentally relied on the 2009 Notice of Acceleration; thus, any rescission or abandonment of acceleration was of no effect and the four-year statute of limitations to foreclose has lapsed (Dkt. #54 at p. 6). Upon consideration of the Parties' filings, the Report of the Magistrate Judge recommended, without deciding whether a detrimental reliance exception exists, that Defendant's Motion for Summary Judgment should be granted and Plaintiff's claim(s) be dismissed because "the record in this case demonstrates that Plaintiff fails to meet the requirements of establishing detrimental reliance." Specifically, as to the three instances of detrimental reliance proffered by the Plaintiff (i.e., sending numerous correspondence to Defendants' predecessors, hiring attorneys help resolve the matter, and filing the above-referenced lawsuit), the Report found that such actions did not constitute detrimental reliance because they were either taken prior to acceleration, in reliance on the Notice of Default, in an effort to receive a loan modification, and/or after the rescission of acceleration. The Report also found that because Plaintiff's underlying claim fails, any request for declaratory relief should also be dismissed.

Plaintiff objects that: "(1) [t]he December 2009 Notice of Rescission was unilateral; (2) Plaintiff's reliance continued after the June 2009 Acceleration; (3) Plaintiff suffered loss as a result of the June 2009 Acceleration; (4) Defendants are estopped from unilaterally abandoning acceleration; (5) Tex. Civ. Prac. & Rem. Code § 16.038 is not retroactive, and Texas does recognize Plaintiff's detrimental reliance theory; and (6) Texas Declaratory Judgment does not require an underlying claim" (Dkt. #58 at p. 2).

As an initial matter, the Court notes that Plaintiff's first and fifth objections (that the December 2009 Notice of Rescission was unilateral, Tex. Civ. Prac. & Rem. Code § 16.038 is not retroactive, and Texas does recognize Plaintiff's detrimental reliance theory) were not addressed in the Report and Recommendation. The Report explicitly noted that the Magistrate Judge did not reach such arguments because Plaintiff failed to meet the requirements to establish detrimental reliance. Accordingly, the Court overrules these two objections and addresses only the remaining three.

*Plaintiff's Reliance*

Plaintiff objects that the Report incorrectly found that her actions taken prior to acceleration of the Loan did not constitute detrimental reliance. Specifically, she claims she detrimentally relied on the Notice of Acceleration (before it was sent) because Plaintiff was confident that she would not be able to cure the default, and therefore, foreclosure would logically follow. Plaintiff claims that because she foresaw acceleration was imminent, she retained legal counsel, and thereafter fought off four foreclosure postings before the December 2009 Notice of Rescission was received (Dkt. #58 at p. 5) (internal citations omitted). Defendants respond that:

> Plaintiff concedes she began seeking legal representation before receiving the June 2009 acceleration, but argues her reliance continued after she received the acceleration. . . . By so objecting, Plaintiff concedes: (1) she sought to retain counsel before receiving the June 2009 acceleration; (2) her "reliance" consisted of seeking to postpone the foreclosure; and (3) she was successful in this challenge, as she avoided foreclosure and the acceleration was rescinded.

(Dkt. #60 at pp. 3–4). As the Report and Recommendation noted in its consideration and ultimate rejection of this same argument, actions taken before a loan was accelerated are insufficient to demonstrate detrimental reliance on the acceleration of the Loan. To establish detrimental reliance sufficient to bar Defendants from rescinding their acceleration of the Loan, Plaintiff must establish she relied on the acceleration of her Loan; allegations that she relied upon the Notice of Default

5

and suspected the Loan would thereafter be accelerated are insufficient. *See Nationstar Mortgage, LLC v. Landers*, 12-17-00047-CV, 2018 WL 1737013, at *6 (Tex. App.—Tyler Apr. 11, 2018, no pet.). The fact that Plaintiff continued to engage her counsel[2] after the acceleration was actually received does not alter that conclusion. Hiring counsel and even filing a lawsuit does not demonstrate Plaintiff has detrimentally relied on the Loan's acceleration. *See Callan v. Deutsche Bank Tr. Co. Americas*, 93 F. Supp. 3d 725, 737–38 (S.D. Tex. 2015). Plaintiff's objection is overruled.

*Detriment to Plaintiff*

The Court next considers Plaintiff's third and fourth objections together.[3] Specifically, Plaintiff argues that the Report incorrectly concluded that she did not "suffer loss" as a result of her reliance on the acceleration of the Loan. Plaintiff objects that "as a result of the June 2009 Acceleration, Plaintiff lost time gathering her financial information and documents and applying for loan modifications. Plaintiff paid $3,900 in attorney's fees to retain Janian & Association. Moreover, Plaintiff suffered mental anguish from the constant posting of her very own home for foreclosure sale." (Dkt. #58 at p. 5) (internal citations omitted). Defendants contend that "Plaintiff's three sources of purported loss do not establish detrimental reliance" because: (1) "Plaintiff began applying for a loan modification and retaining Janian & Associates before the June 2009 acceleration;" (2) "Janian & Associates continued to pursue a modification on her behalf after the acceleration demonstrates she did not suffer this 'loss' on account of the acceleration. . . .She pursued the same course both before and after the June 2009 acceleration;"

---

[2] The Court addresses more fully Plaintiff's allegations that she detrimentally relied on the acceleration of the Loan by fighting off four foreclosure postings with its consideration *infra* as to whether Plaintiff relied to her detriment.

[3] Plaintiff's third and fourth objections are largely duplicative of one another – Plaintiff clarifies that she does not raise a promissory estoppel claim, but merely employs the elements of promissory estoppel to better plead her detrimental reliance allegations (Dkt. #58 at p. 7).

(3) "[t]hat Plaintiff alleges she suffered mental anguish on account of the acceleration also does not advance her claim. Suffering mental anguish, even if true, does not amount to detrimental reliance and should not estop a rescission of the acceleration" (Dkt. #60 at p. 5) (internal citations omitted). To this point, the Report found that:

> "[i]n order to show detrimental reliance under Texas law, a party 'must show that he materially changed his position in reliance' on another party's promise or representation." *See Bitterroot Holdings, LLC*, 648 F. App'x at 418 (quoting *Sandel v. ATP Oil & Gas Corp.*, 243 S.W.3d 749, 753 (Tex. App.—Houston [14th Dist.] 2007, no pet.)). Plaintiff has failed to show that she detrimentally relied on the Notice of Acceleration. To the contrary, the record evidence indicates that Plaintiff still resides at the Property, never took out a second loan or tried to sell the Property and has continually sought a loan modification agreement both before and after the Notice of Acceleration [Dkt. 34-22 at 42-47].

Upon independent review of the record and considering the arguments made within Plaintiff's Objections, the Court finds that Plaintiff has failed to demonstrate that she materially altered her position to her detriment in reliance on the Loan's acceleration. As discussed *supra*, Plaintiff must demonstrate that she relied on the acceleration of the Loan to defeat Defendants' rescission of acceleration. The record reflects the opposite conclusion; indeed, at her deposition, when asked what Plaintiff had done differently after receiving the Notice of Acceleration in June 2009 (i.e., when the Loan was accelerated), Plaintiff responded "nothing" (Dkt. #34-22 at p. 42). Plaintiff's objection expressly states that she proactively hired legal counsel because she believed a foreclosure sale to be inevitable given that she would not be able to pay the amount in arrears. Furthermore, Plaintiff's allegations that her lost time in gathering documents and mental anguish at fighting off four foreclosure postings establish that she detrimentally relied on the acceleration of the Loan are insufficient. Courts have found allegations such as Plaintiff's do not constitute detrimental reliance. *See Callan*, 93 F. Supp. 3d at 737–38 *Deutsche Bank Nat'l Tr. Co. v. Guerrero*, A-13-CV-513 LY, 2014 WL 12580037, at *11 (W.D. Tex. Oct. 7, 2014) (court

7

did not find detrimental reliance where "Defendants state they spent substantial time and funds on court costs and attorney's fees 'defending against' Deutsche Bank's attempt to foreclose on the Property following the October 2008 acceleration"); *In re Rosas*, 520 B.R. 534, 544 (W.D. Tex. 2014).[4] Plaintiff's objection is overruled.

As to her fourth objection, Plaintiff asserts that "Defendants made a promise to foreclose, and it was reasonable to determine that if Plaintiff did not act immediately, her home would be foreclosed upon on July 7, 2009. Plaintiff immediately retained counsel to help her resolve her issues with Defendants' predecessors. Defendants cannot show that Plaintiff's actions in reliance of the June 2009 Notice of Acceleration were unreasonable and unjustified" (Dkt. #58 at p. 7). Because the Court finds, as the Report found, that Plaintiff's hiring legal counsel does not establish she materially relied on the acceleration of the Loan, Plaintiff's fourth objection, that her reliance on the acceleration was reasonable, is overruled.

*Declaratory Judgment*

Plaintiff asserts that the Report incorrectly found that her declaratory judgment claim should be dismissed because her underlying claim that Defendants were time-barred from exercising their foreclosure rights under the Loan was unsupported by the record. Plaintiff argues that:

> Finally, Defendants asserted that a declaratory judgment action removed to federal court is thereby converted into one brought under the federal Declaratory Judgment Act which in turn requires the existence of an actual case or controversy. Therefore, Defendants believe that, while Plaintiff seeks declaratory relief, since she has otherwise "pled no viable claims" against them, "no actual controversy exists" that Plaintiff is not entitled to relief under the federal Declaratory Judgment Act. Nevertheless, here, a controversy exists: Defendants will continue to seek foreclosure of Plaintiff's home. Furthermore, if, in fact, the law is as circuitous as

---

[4] Plaintiff has failed to offer any authority in her Objections demonstrating that her time in marshaling documents and mental anguish allegedly caused by the posted foreclosure sales of the Property constitute detrimental reliance sufficient to undermine Defendants' rescission of acceleration

8

> Defendants seem to believe, Plaintiff would be left with neither a forum nor a remedy to address Defendants' wrongs.

(Dkt. #58 at p. 9) (internal citations omitted). Plaintiff continues that should she raise any other kind of claim related to the statute of limitations' applicability to the instant case, she would open the door for Defendants to raise any time-barred counterclaims of their own related to the Property and foreclosure proceedings, and therefore, by not allowing her to pursue the declaratory judgment claim, public interest is disserved.[5] Defendant responds that "[t]he Report did not conclude Plaintiff is barred from bringing a declaratory judgment claim. The Report concluded the declaratory judgment claim failed because Plaintiff failed to show the statute of limitations lapsed. Without establishing a viable underlying cause of action, a declaratory judgment, which is remedial, cannot survive" (Dkt. #60 at p. 7).

As the Report noted, "[w]hen a declaratory judgment action filed in state court is removed to federal court, that action is, in effect, converted into one brought under the federal Declaratory Judgment Act." *Salisbury v. Fed. Home Loan Mortg. Corp.*, 4:12CV96, 2012 WL 3727545, at *4–5 (E.D. Tex. Aug. 27, 2012), *report and recommendation adopted*, 4:12CV96, 2012 WL 4490863 (E.D. Tex. Sept. 28, 2012); *see also Compass Bank v. Durant*, 516 S.W.3d 557, 574 (Tex. App.—Fort Worth 2017, pet. denied), *reh'g denied* (Mar. 2, 2017) ("when federal courts are called upon to consider a declaratory judgment action, they do not apply the Texas Declaratory Judgments Act (TDJA). Instead, the declaratory judgment action sought is

---

[5] *Hartford Fire Ins. Co. v. City of Mont Belvieu, Texas*, 3:07-CV-00359, 2008 WL 11390849, at *7 (S.D. Tex. Dec. 1, 2008) ("where a plaintiff brings a suit for declaratory judgment asserting that defendant's claim is time-barred as a matter of law, the defendant cannot then argue that the statute of limitations is extended by the filing of plaintiff's very complaint for declaratory judgment. 'Were we to hold that section 16.069 revives claims which are absolutely barred by limitations as a matter of law, the result would be that a litigant would never be able to seek a declaratory judgment based on limitations because a defendant could always use section 16.069 to defeat such a suit.' In other words, allowing an extension of the statute of limitations because a party files for declaratory judgment that a claim is time-barred would frustrate the very purpose of the declaratory relief and lead to absurd results.") (quoting *Ball v. SBC Communications*, No. 04-02-00702-CV, 2003 WL 21467219, at *4 (Tex. App.—San Antonio, June 25, 2003, no pet.)).

"in effect converted into one brought under the federal Declaratory Judgment Act" when the case is removed to federal court.").

As Defendant contends, the federal Declaratory Judgment Act "is a procedural device that creates no substantive rights and requires the existence of a justiciable controversy." *Salisbury*, 2012 WL 3727545, at *4 (citing *Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227, 239–241 (1937); *Lowe v. Ingalls Shipbuilding,* 723 F.2d 1173, 1179 (5th Cir. 1984)). "Thus, the Act provides no relief unless there is a justiciable controversy between the parties." *Id*. "[D]eclaratory relief is remedial only and does not independently establish a party's cause of action." *Basye v. Wells Fargo Bank, N.A.*, 3-12-CV-4098-K, 2013 WL 2110043, at *4 (N.D. Tex. May 16, 2013). "It is the *underlying cause of action* that is actually litigated in a declaratory judgment action." *Id*. (emphasis added) (citing *Collin County, Tex. v. Homeowners Ass'n for Values Essential to Neighborhoods, (HAVEN),* 915 F.2d 167, 171 (5th Cir. 1990)). Therefore, "[b]ecause Plaintiff's only substantive claims failed to state a cause of action upon which relief can be granted, Plaintiff has no underlying claim to which she can tether her claim under the Declaratory Judgment Act." *See id*.; *see also Salisbury*, 2012 WL 3727545, at *5; *Diaz v. Ocewen Loan Servicing*, 3:13-CV-2928-N-BK, 2014 WL 1012521, at *2 (N.D. Tex. Mar. 14, 2014) ("In this case, because Plaintiff's substantive claim fails for the reasons stated above, he is not entitled to any relief under the Declaratory Judgment Act.") (citing *Marban v. PNC Mortg.,* No. 12–CV–3952, 2013 WL 3356285 at * 11 (N.D. Tex. 2013) (Lynn, J.) (declining to entertain plaintiff's request for declaratory judgment where he had not pleaded a plausible substantive claim)); *Ross v. Citimortgage Inc.*, 3:16-CV-0416-K-BK, 2016 WL 4440488, at *2 (N.D. Tex. July 8, 2016), *report and recommendation adopted,* 3:16-CV-0416-K, 2016 WL 4429460 (N.D. Tex. Aug. 20,

2016) ("because Plaintiff does not assert a substantive claim in his petition, he is not entitled to any relief under the Declaratory Judgment Act."). Plaintiff's objection is overruled.

## CONCLUSION

Having considered Plaintiff's Objections (Dkt. #58), and having conducted a de novo review, the Court adopts the Magistrate Judge's report (Dkt. #54) as the findings and conclusions of the Court.

It is **ORDERED** that Defendants Select Portfolio Servicing, Inc. and Deutsche Bank National Trust Company, as Trustee, in Trust for the Registered Certificate Holders of First Franklin Mortgage Loan Trust Series 2006-FF7, Mortgage Pass-Through Certificates, Series 2006-FF7's Motion for Summary Judgment (Dkt. #34) is **GRANTED**.

**IT IS SO ORDERED**.
SIGNED this 20th day of December, 2018.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE